IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. HANDY, JR. | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Action No. AW-09-2011 |
| v. | * | Crim. Action No. AW-04-559 |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |

**MEMORANDUM OPINION**

Before the Court is a Motion to Vacate filed by the Petitioner, William L. Handy, Jr., for relief pursuant to 28 U.S.C. § 2255. (Doc. No. 531.) Petitioner's convictions arise from an elaborate drug trafficking scheme culminating in the April 11, 2001, seizure of thirty-three kilograms of cocaine from a car in Frederick, Maryland. As the case involved multiple defendants, indictments, and prosecutions in the District of Columbia and Maryland, the Court will not delve into the complex procedural history here, but limits itself to the following pertinent events.[1]

On January 25, 2006, Petitioner and several coconspirators were charged in the District of Maryland in a Fourth Superseding Indictment with conspiracy to distribute cocaine and crack, in violation of 21 U.S.C. § 846; three instances of using a communications facility in the commission of a felony, in violation of 21 U.S.C. § 843(b); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). A trial commenced at the District Court for the District of Maryland (Southern Division), which resulted in a mistrial on May 9, 2006, because the jury was unable to reach a verdict. On June 21, 2006, Petitioner was again charged in the District of Maryland in the Fifth Superseding Indictment, which re-alleged the charges

---

[1] A detailed procedural history of this case can be found at *United States v. Hall*, 551 F.3d 257, 263-66 (4th Cir. 2009).

1

contained in the Fourth Superseding Indictment.  On January 30, 2007, following a six-day jury trial at the same venue, in which Petitioner proceeded *pro se*, Petitioner was convicted of the following counts from the Fifth Superseding Indictment: conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count I); use of a communications facility in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843(b) (Counts II, III, and IV); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count V).

The Court sentenced Petitioner to 360 months of incarceration followed by five years of supervised release as to Counts I and V, and forty-eight months of imprisonment followed by three year of supervised release with respect to Counts II, III, and IV, all counts to run concurrently.  Judgment was entered on April 13, 2007.  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the convictions and sentences on January 8, 2009.  *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009).  On July 31, 2009, Petitioner filed the present § 2255 motion.

Petitioner contends that his sentence should be vacated, set aside, or corrected on the following grounds: (1) that the Fifth Superseding Indictment is time-barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a); (2) that his waiver of trial counsel violated his Sixth Amendment rights because he did not knowingly waive it; (3) that the Sixth Amendment Fair Jury Trial Act was violated; (4) that he was wrongfully convicted of § 843(b) (Count V); and (5) that the district court erred in enhancing Petitioner's sentence for obstruction of justice.  The Government has responded to the Motion and Petitioner has filed his reply.  The matter is now ripe for resolution.

### I. Statute of Limitations

Petitioner alleges two statute of limitations arguments. First, Petitioner argues that the Fifth Superseding Indictment, charging him with offenses that occurred in April 2001, is time-barred because it was not returned until June 21, 2006. Second, Petitioner alleges that standby counsel's failure to advise him to object at trial constitutes ineffective assistance of counsel. The Court finds that as the Fifth Superseding Indictment was not time-barred and the standby counsel was not ineffective for not advising Petitioner to object at trial.

The general federal statute of limitations provides that "no person will be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The Fourth Circuit has held that the statute of limitations in 18 U.S.C. § 3282 is "not jurisdictional [but] is an affirmative defense that may be waived." *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982); *see Biddinger v. Comm'r of Police*, 245 U.S. 128, 135 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases"). Here, since neither Petitioner nor standby counsel objected at trial, the statute of limitations argument is deemed waived. *See Williams*, 684 F.2d at 299.

With respect to Petitioner's claim that standby counsel was ineffective for failing to advise him to object at trial, the Court reviews his allegations under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), under which a claimant must establish the two-prong standard of deficient performance and prejudice. Petitioner must demonstrate that his counsel's representation (1) "fell below an objective standard of reasonableness" as measured by prevailing professional norms and that it (2) "prejudiced the defense." *Id.* at 687-88. Because courts should be highly deferential in determining whether counsel's representation was objectively reasonable, Petitioner bears the burden of overcoming

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id*. at 689. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With these legal principles in mind, the Court now turns to Petitioner's argument.

Petitioner baldly asserts that standby counsel's failure to advise him to object fell below an objective standard of reasonableness and resulted in prejudice. (Doc. No. 531 at 11-12.) It is well-established that "a valid indictment tolls the statute of limitations and that return of a superseding indictment *prior* to the dismissal of the original indictment does not violate the statute of limitations if the superseding indictment does not substantially alter the charge." *United States v. Friedman*, 649 F.2d 199, 203 (3d Cir. 1981); *see United States v. Grady*, 544 F.2d 598, 600-01 (2d Cir. 1976) ("Once an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment . . . . [A] superseding indictment brought at any time while the first indictment is still validly pending, [and] does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations.") Moreover, "[t]rivial or innocuous" changes in a superseding indictment "relate[] back to the date of the original indictment." *United States v. Snowden*, 770 F.2d 393, 398 (4th Cir. 1985).

Pursuant to 18 U.S.C. § 3282(a), valid indictments must be brought within five years of April 11, 2001, the date that the offense occurred. *See* 18 U.S.C. § 3282(a). The issue at bar, therefore, is whether the return of the Fourth Superseding Indictment on January 25, 2006, or the return of the Fifth Superseding Indictment on June 21, 2006, governs for the purposes of the statute of limitations. Since a valid indictment tolls the statute of limitations, the Fourth

4

Superseding Indictment, which fell within the five year statutory requirement, tolled the statute of limitations. *See Friedman*, 649 F.2d at 203. Because the Fifth Superseding Indictment differed from the Fourth only minimally[2] and the Fourth Superseding Indictment was never dismissed, the Fifth Superseding Indictment did not violate the statute of limitations. *See id*; *Snowden*, 770 F.2d at 398. Since the Fifth Superseding Indictment was timely brought, standby counsel's failure to advise Petitioner to object was not objectively unreasonable. Because the Court finds that standby counsel's conduct was objectively reasonable, it will not reach the question of prejudice. Accordingly, Petitioner's statute of limitations claim fails.

## II. Knowing Waiver of Counsel

Petitioner asserts two waiver of counsel arguments. First, he argues he did not knowingly waive his right to trial counsel because he was not informed of the potential range of punishment he would face if convicted, and because the trial judge did not discuss with Petitioner "any possible defenses to the charges against him or circumstances that might serve as mitigating factors" or "the nature of the charges" against him. (Doc. 531 at 31.) Petitioner further alleges that his request for standby counsel to step in for him, made on the morning the trial was scheduled to begin, should have been granted. (Doc. 531 at 32-33.)

Petitioner's argument that he did not make a knowing waiver is groundless. At Petitioner's second Maryland trial, Petitioner chose to proceed *pro se* despite the district court's repeated cautions against self-representation. The district court properly conducted a *Faretta* hearing before the date of the trial, where Petitioner was informed of the sentence he could face

---

[2] The Fifth Superseding Indictment differed from the Fourth only to the extent that it changed a few words and omitted certain co-defendants not being tried. The Fifth Superseding Indictment did not broaden the charges brought against Petitioner.

5

and the court found that he knowingly waived his right to counsel.[3] Petitioner's claim that standby counsel should have been reinstated is likewise meritless. On the morning of January 23, 2007, the date the trial was scheduled to commence, Petitioner attempted to convince the court to let his attorney represent him. (Trial Tr. at 5.) The court found Petitioner's arguments unpersuasive, as Petitioner knew about the trial date in advance, had attended conferences, had been submitting pretrial motions, and had been sent materials by the Government. (*Id.* at 6.) The court refused to grant a continuance,[4] explaining that "to ask for a postponement or continuance is just not justified . . . [at] this last minute." (*Id.*) The court then denied Petitioner's request for standby counsel to represent him, stating that the court "tried to explain that to [Petitioner] before . . . but [he] insisted" on representing himself, so the court "can't go back over that now." (*Id.*)

The court's interest in proceeding on schedule was an adequate reason to deny Handy's request for counsel on the morning of the trial, and thus does not constitute a violation of Handy's Sixth Amendment right to counsel. *See United States v. McQueen*, 445 F.3d 757, 760-61 (4th Cir. 2006) ("It is not a denial of the right to counsel to refuse to indulge in the defendant's transparent attempts at manipulation by requesting an attorney on the day of trial"). The trial court was also justified in denying Handy's request of a continuance, as trial courts have broad discretion in deciding whether to grant them. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). Given that Handy's request for a continuance was made the morning of the trial, there is a strong presumption that the continuance was requested to delay the court. *See United States v.*

---

[3] In the Government's Response to Handy's Petition to Vacate, it incorporated by reference its Response to Hall's Petition to Vacate (*see* Doc. No. 540), where the Government quoted the court's repeated cautions to Handy about the dangers of representing oneself and determined that both Defendants made a knowing, voluntary, and intelligent decision to represent themselves. (Hr'g Tr. at 5 & 18.)

[4] Although Handy denies that he requested a continuance from the district court judge, the court found that a continuance was in effect what Handy was requesting. (Doc. Nos. 513-3 & 531.)

*Stewart*, 256 F.3d 231, 245 (4th Cir. 2001). Since Petitioner made a knowing waiver of trial counsel and fails to establish that the district court abused its discretion in denying his request for counsel on the day of trial, the Court denies Petitioner's waiver of counsel arguments.

### III. Juror's English Proficiency

Petitioner makes two arguments regarding a juror member's English proficiency. First, he claims that the district court should have conducted a hearing into the English proficiency of the juror. Second, he argues that the standby counsel was ineffective for failing to inform Petitioner that the juror's English was deficient. Petitioner concludes, with no support, that a member of the jury was unable to comprehend English because the prosecutor had told the district court that "[s]ome of the courthouse staff said he was having trouble finding the courtroom because he was having trouble understanding [English]." (Doc. No. 531 at 38.) The district court then stated, "I asked what type of work. He stood up and said he was a cook." (*Id.*)

Handy, who did not raise these issues on direct appeal, must show he had cause for his failure to raise the issue of Juror #70's English proficiency on direct appeal and that actual prejudice occurred at trial. *See United States v. Frady*, 456 U.S. 152, 166 (1982). As the government argues, Handy did not show that he had cause for failing to object to the juror at trial or on direct appeal, nor did he allege any prejudice that occurred as a result of Juror #70's inclusion. (Doc. No. 540 at 8.) In addition, Petitioner failed to demonstrate that he received ineffective assistance of counsel under the *Strickland* standard. *See Strickland*, 466 U.S. at 688 (requiring the petitioner prove that the counsel's performance was objectively unreasonable and that it prejudiced the petitioner). The Court does not find any indication in the record that the counsel's performance was unreasonable or that Petitioner was prejudiced as a result. Accordingly, the Court denies Petitioner's Sixth Amendment claim.

### IV. Conspiracy of a Government Agent

Petitioner asserts that he was wrongly convicted of 21 U.S.C. § 843(b) (Counts II & III) for use of a cellular telephone in the commission of a felony because it is legally impossible to be convicted of conspiring with a government agent. As the Government correctly asserts, however, Handy was charged in Count V with the actual use of a telephone to further his drug trafficking and to conspire with his co-conspirators (not government agents). (Doc. No. 540 at 9.) Therefore, the Court finds no basis for relief and denies Petitioner's claim.

### V. Sentencing Enhancement

Petitioner argues that the district court erred when it enhanced his sentence for obstruction of justice on the basis of untruthful testimony he provided before the U.S. District Court for the District of Maryland. However, Petitioner did not object to the district court's findings at sentencing. A party's failure to object at sentencing constitutes waiver unless there is plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996); *see United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (stating that "if appellate review is to be meaningful, it is absolutely essential that a defendant raises all objections to the sentence before the sentencing judge in the first instance"). Since Petitioner failed to object at sentencing, his argument is waived.

Even if Petitioner had timely raised the argument, it is still groundless. Under § 3C1.1, a two-level increase of the offense level for obstruction of justice is appropriate where the defendant (1) "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and (2) the obstructive conduct is "related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." U.S.

Sentencing Guidelines Manual ("USSG") § 3C1.1 (Nov. 2009). The Application Notes provides examples of covered conduct, which includes "committing, suborning, or attempting to suborn perjury . . . if such perjury pertains to conduct that forms the basis of the offense of conviction" and "providing materially false information to a judge." *See* Application Notes, USSG § 3C1.1. Based upon the Court's determination that Petitioner provided untruthful testimony in his first trial before this Court, the Court properly assessed an obstruction of justice enhancement. The Court thus denies Petitioner's claim for relief on this ground.

## VI. Conclusion

In summation, the Court has reviewed the current pleadings and the files relative to the present motion as well as the underlying criminal case and concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.[5]

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1). "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, the Court has concluded that the Fifth Superseding Indictment was brought within the statute of limitations and Petitioner received effective assistance of appellate counsel. It is the

---

[5] The Court also denies Petitioner's Motion to Reduce Sentence (Doc. No. 459) and Motion to Compel (Doc. No. 542) as moot.

Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

| August 5, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |